UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LEONARD HALZEL

v.

Civil Action No. 2012- CA12-378 ML

ERIC BERGELSON,
DYNAMIC RECOVERY SOLUTIONS, LLC,
DYNAMIC GLOBAL, LLC, and
DYNAMIC GLOBAL MANUFACTURING, LLC

## COMPLAINT

Plaintiff Leonard Halzel hereby brings the following as his Complaint against defendants Eric Bergelson ("Bergelson"), Dynamic Recovery Solutions, LLC ("DRS"), Dynamic Global, LLC ("DG") and Dynamic Global Manufacturing, LLC ("DGM").

### Parties, Jurisdiction and Venue

1. Halzel is an individual and resident of Providence, Rhode Island.

2. Bergelson is an individual and, upon information and belief, is a resident of South Carolina.

3. DRS is a corporation which, upon information and belief, is organized under the laws of the State of South Carolina.

4. DG is a corporation which, upon information and belief, is organized under the laws of the State of South Carolina.

5. DGM is a corporation which, upon information and belief, is organized under the laws of the State of South Carolina.

6. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1332, as this is an action between citizens of different states with an amount in controversy in excess of $75,000, exclusive of attorneys' fees, interest and costs.

7. This Court has jurisdiction over Bergelson because he made and delivered a certain promissory note in the State of Rhode Island made to the order of Halzel, a resident of Rhode Island.

8. In the alternative, Bergelson, DRS, DG and DGM have contacts with this forum that are sufficient for the Court to exercise jurisdiction over it.

9. This Court has jurisdiction over DRS, DG and DGM because each is a guarantor of a certain promissory note in the State of Rhode Island made to the order of Halzel, a resident of Rhode Island.

10. Venue is proper in this forum pursuant to 28 U.S.C. § 1391(b)(2).

*Facts*

11. On November 16, 2011, Bergelson executed and delivered in Rhode Island a Promissory Note to the order of Halzel in the amount of $150,000 (the "Note").

12. A true and accurate copy of the Note is attached.

13. Further, in exchange for Halzel's agreement to accept the Note and forego collection of the balance owed to Halzel at that time, DRS, DG and DGM signed a joint and several guaranty of Bergelson's obligations under the Note.

14. Upon information and belief, Bergelson is an owner, officer and/or director of DRS.

15. Upon information and belief, Bergelson is an owner, officer and/or director of DG.

16. Upon information and belief, Bergelson is an owner, officer and/or director of DGM.

17. Since November 16, 2011, Bergelson has made two payments of $1,000 each towards the amount due under the Note.

18. On May 2, 2012, Halzel made formal, written demand on Bergelson for repayment of the balance due under the Note.

19. In addition, Halzel has made formal, written demand on DRS, DG and DGM to honor their guaranty of Bergelson's obligations under the Note.

20. As of the date of this Complaint, Bergelson has not fulfilled his obligations under the Note, other than being current on interest charges incurred by Halzel.

21. As of the date of this Complaint, neither DRS, DG nor DGM has honored its obligations under their respective guaranty.

22. As of May 16, 2012, the balance due under the Note is $148,000, with additional interest accruing daily.

23. The Note provides that in the event that Bergelson fails to pay any amount due thereunder, time being of the essence, Bergelson shall be responsible for paying "all costs and expenses (including reasonable attorneys' fees)" Halzel incurs in the collection of sums due thereunder.

24. The Note further provides that the guarantors guaranteed Bergelson's obligations under the Note.

*Claims*

*Count 1 – Breach of Promissory Note (Bergelson)*

25. Halzel restates and incorporates by this reference the allegations contained in Paragraph 1 through 24 of this Complaint, inclusive.

26. The Note is valid and is of full force and effect.

27. Halzel made demand on Bergelson for payment under the Note.

28. Bergelson has failed to make full payment under the Note.

29. As a result of Bergelson's conduct, Halzel has suffered damages.

### *Count 2 – Breach of Guaranty (DRS, DG and/or DGM)*

30. Halzel restates and incorporates by this reference the allegations contained in Paragraph 1 through 29 of this Complaint, inclusive.

31. The Note is valid and is of full force and effect.

32. Halzel made demand on DRS, DG and/or DGM to fulfill their obligations as guarantors under the Note.

33. Each of DRS, DG and DGM has failed to make full payment under the Note.

34. As a result of this conduct of DRS, DG and/or DGM, Halzel has suffered damages.

WHEREFORE, for the reasons set forth herein, Halzel requests that this Court enter judgment in his favor on this Complaint and against Bergelson, DRS, DG and/or DGM, jointly and severally, in the principal sum of $148,000, an award of attorneys' fees costs and pre- and post-judgment interest on all such sums so awarded, together with such other and further relief as the Court may deem appropriate in these circumstances.

                                                        LEONARD HALZEL
By his attorneys,

/s/ Douglas J. Emanuel
Douglas J. Emanuel (5176)
Chace Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903
Tel.: (401) 453-6400
Fax: (401) 453-6411
Email: demanuel@crfllp.com

Dated: May 17, 2012